# SIDLEY

JENNER&BLOCK LLP

August 5, 2024

**VIA ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

The Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *United States v. Huawei Technologies Co. Ltd.*, No. 1:18-cr-00457 (S-3) (AMD)
       (CLP), Reply in Support of Request for Assistance on BIS Issues (Dkt. 433)

Dear Judge Donnelly and Judge Pollak:

Defendants (collectively, "Huawei") respectfully submit this reply in support of their motion (the "BIS Motion") seeking the Court's assistance in addressing the arbitrary restrictions on Huawei's access to the government's Rule 16 discovery that have been imposed by the Bureau of Industry and Security's administration of the Export Administration Regulations ("EAR").

Much of the government's opposition addresses arguments that Huawei's BIS Motion does not raise. Huawei has never asserted that the Court or DOJ can order BIS to issue a license. *Cf.* Dkt. 443 ("Opp.") at 5–6. Nor, of course, has Huawei ever asserted that the Protective Order exempts Huawei or Defense Counsel from compliance with the EAR. *Cf.* Opp. 7. Instead, Huawei's BIS Motion merely seeks the Court's assistance in addressing the arbitrary restrictions on Huawei's access to discovery that the United States has imposed under the unique circumstances of this case.

The unique facts presented are these: (1) the United States has chosen to prosecute certain of the Huawei defendants while also placing them on the Department of Commerce's Entity List; (2) as a result of the government's Entity List designation, any "technology" contained in the government's Rule 16 discovery cannot be provided by any person to the affected Huawei defendants without a license from BIS; (3) BIS's license permits Defense Counsel to share any technology contained in the government's Rule 16 discovery with Huawei *only* if it is treated as Sensitive Discovery Material ("SDM") under the Protective Order; (4) there are approximately 536,000 documents that DOJ has determined merit only standard Discovery Material ("DM") protections, but nevertheless may contain technology subject to the EAR; (5) in making its DM designations, DOJ has necessarily determined that the documents do *not* implicate any national security interests sufficient to justify the enhanced protections available for SDM-designated

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
August 5, 2024
Page 2

documents; and (6) as a practical result, BIS's administration of the EAR arbitrarily and without cause restricts Huawei's access to the approximately 536,000 documents at issue even though the government has already determined that such protections are unnecessary to serve any legitimate government interest.

By subjecting this discovery to arbitrary and unnecessary restrictions on Huawei's access, the government violates the Protective Order and fails to satisfy its Rule 16 obligations. The government violates the Protective Order because (a) it subjects the discovery to restrictions extraneous to the Protective Order, contrary to the Court's command that the Protective Order itself governs "[a]ll material and information disclosed or produced … by the government in [this] case," Dkt. 57 ("P.O.") ¶ 1; and (b) it effectively imposes SDM restrictions on the discovery without any "good cause" to do so. *Cf. id.* ¶¶ 19–20 (allowing for restrictions beyond DM only if the government establishes "good cause"). For similar reasons, the government also violates Rule 16 itself. *Cf.* Fed. R. Crim. P. 16(d)(1) (allowing restrictions on discovery only if ordered by the court "for good cause").

The government has asserted that, regardless of the unwarranted restrictions imposed on Huawei's access to the discovery at issue through BIS's administration of the EAR, it has satisfied its Rule 16 obligations merely by producing the discovery to Defense Counsel. *See* Opp. 6. The government's cases provide no support for this remarkable assertion. At most, the cited cases hold (consistent with Rule 16 itself) that narrow and tailored restrictions on a defendant's access to Rule 16 discovery can be permissible, provided they are supported by a specific and demonstrable need and do not unduly impinge on the defendant's constitutional rights. *Cf. United States v. Cobb*, 544 F. Supp. 3d 310, 330 (W.D.N.Y. 2021) (limiting disclosure of an informant's name "until further order of this Court" based on finding that disclosure could jeopardize witness safety); *United States v. Baker*, 2020 WL 4589808, at *3–4 (S.D.N.Y. Aug. 10, 2010) (permitting redaction of "sensitive discovery material," and authorizing incarcerated defendant's review of unredacted portions only in the presence of defense counsel); *United States v. Muhanad Mahmoud Al Farekh*, 2016 WL 4444778, at *3 (E.D.N.Y. Aug. 23, 2016) (concerning classified material and attendant risk to "national security"), *aff'd*, 956 F.3d 99 (2d Cir. 2020); *United States v. Zazi*, 2011 WL 2532903, at *5 (E.D.N.Y. June 24, 2011) (same). Here, in contrast, DOJ has affirmatively determined in connection with its production of the documents at issue that the SDM restrictions imposed through BIS's administration of the EAR are *not necessary* to serve a legitimate government interest. No case has held that production under such circumstances to defense counsel alone is sufficient to satisfy the government's Rule 16 obligations.

The question then becomes: how to solve for the government's violation? The government contends that Defense Counsel must solve the problem by reviewing the approximately 536,000 documents; identifying which might contain potential "technology" under the EAR; determining whether such technology is subject to an existing authorization; for technology not otherwise authorized, identify the applicable export control classification number ("ECCN"); and seek specific classification-by-classification authorizations from BIS. However, as explained in Huawei's BIS Motion, *see* Dkt. 433 ("Mot."), at 5, Defense Counsel estimates that it would take thousands of person-hours to complete such a process (impossible to complete sufficiently in

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
August 5, 2024
Page 3

advance of trial), and even then there is a likelihood of erroneous classification that could subject Defense Counsel to severe penalties for any error that results in an export control violation.[1] And even if Defense Counsel could complete that task swiftly and accurately (it cannot), there is no telling how long BIS would take to act on the resulting applications—or if it would meaningfully consider them at all. *See id.* at 4–5 (describing extensive procedural hurdles and conclusory denials from BIS).

There are other potential solutions. The government, having already conducted a page-by-page review for purposes of its confidentiality designations, is intimately familiar with its own discovery and knows the technology that is implicated. Regardless of whether the Court can order BIS to grant a license, *cf.* Opp. 5–6, there is no dispute in the record that the government *can* apply for such a license in order to fulfill its Rule 16 obligations and has done so in other contexts. *See* Mot. 3–4; *see also, e.g.*, 15 C.F.R. § 740.11(b) (making clear that the EAR applies to exports by the government as well as by private parties). The government, for its part, does not deny that it is an "exporter" under the EAR or that it could have sought its own license to produce the discovery materials to Huawei; instead, it conclusively asserts that Defense Counsel is "better suited" to seek the application. Opp. 2 & n.1; Borman Decl. (Dkt. 443-1) ¶ 23. This is not accurate—the government, which collected these documents in the course of its investigation, is in a vastly better position to assess the documents' context and the ECCNs that may be implicated. And although BIS has been largely indifferent to the undue burden its decisions have put on Defense Counsel, it is not hard to imagine that if DOJ is the applicant BIS will demonstrate flexibility in finding a more practical way to solve the issue.

Moreover, regardless of the relative burdens, it is the government that has the obligation under Rule 16 to provide these materials to Huawei, and to do so without unwarranted restriction or delay. If the government refuses to apply to BIS in order to make the required disclosures, the Court can and should find that the government has therefore failed to fulfill its discovery obligations as to the affected documents, with all of the attendant consequences of such a failure.

One other point worth emphasizing: Despite the lengthy declaration of the Principal Deputy Assistant Secretary for Strategic Trade and Technology Security from the United States Department of Commerce, no one in the government—neither within the Department of Justice nor the Department of Commerce—has ever contended that the production to Huawei of any of the discovery materials at issue in fact implicates the national security of the United States. On the contrary, the Department of Justice, by designating such materials as "DM" only, has already determined that the materials do *not* implicate the United States' national security. *Cf.* P.O. ¶ 19 (permitting designation of a document as SDM based on, *inter alia*, "a good-faith belief by the government that such materials contain … national security or law enforcement sensitive information"). And, to Defense Counsel's knowledge, the Department of Commerce has never even reviewed any of the materials at issue. Therefore, accepting of course Mr. Borman's statements regarding the importance of the Department of Commerce's mission, DOJ has

---

[1] As previously explained to BIS, the probability of an erroneous export control classification is increased here because the documents contain potential technology originating from third parties, with which neither Huawei nor Defense Counsel are familiar.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
August 5, 2024
Page 4

expressly determined that such concerns are in no way implicated by the production of the materials at issue.

The government's Opposition, along with Mr. Borman's accompanying declaration, quibbles with various other extraneous points of fact and law, none of which is material to the resolution of this Motion.  For example:

- The government emphasizes that Huawei was added to the Entity List after initiation of the instant prosecution, seemingly to suggest that the designation is a superseding event beyond the control of the Protective Order.  Opp. 3.  But the Protective Order was first submitted to the Court after the Entity List designation, *see* Dkt. 52, and the documents at issue here were not designated until many months or even years later.  Thus, the government agreed to the Protective Order and made the decision to designate as DM all of the documents at issue fully aware of Huawei's placement on the Entity List.

- Mr. Borman criticizes various of Defense Counsel's previous license requests in a variety of ways, including by contending that they were overbroad, *e.g.* Borman Decl. ¶¶ 32–36; misstated the EAR's complex regulatory requirements (although Mr. Borman's excerpted quotation of Defense Counsel's license application at ¶ 34 is itself materially inaccurate), *id.* ¶¶ 33–35; identified too few ECCNs, *id.* ¶ 44; identified too many ECCNs, *id.* ¶ 47; and sought license as to third-party produced documents as well as government productions, *id.* ¶ 48. [2]   However, Mr. Borman ignores the fact that, during discussions with BIS and DOJ, Defense Counsel expressed amenability to reasonable limitations and restrictions so long as Defense Counsel would be able to share the government's Rule 16 discovery with the Huawei Defendants in accordance with the protections provided by the Protective Order.  BIS did not engage with Defense Counsel in evaluating our reasonable limitations and merely "returned without action" the last of Huawei's applications.  *See* Mot. 5.

- In Paragraph 49, Mr. Borman incorrectly implies Defense Counsel was able to eliminate enumerated ECCNs based on having conducted an in-depth review of the documents.  In fact, as part of our efforts to cut through some of the myriad bureaucratic roadblocks repeatedly imposed by BIS,  Defense Counsel simply expressed their good faith belief that the discovery materials produced by the government would not implicate certain specific ECCNs, such as military items in the 600 series or Missile Technology Control Regime items.  As explained in the BIS Motion, the task that BIS would now require – reviewing every page of the government's Rule 16 discovery at issue and accurately identifying all of the ECCNs that may in fact be implicated – would in our estimation require tens of thousands of hours to complete (and even then could contain errors exposing Defense Counsel to significant penalties).

---

[2] The need may arise for Defense Counsel to share with Huawei information obtained from third parties (not as part of Rule 16 discovery) and for which BIS's administration of the EAR imposes undue restrictions.  Huawei will raise such issue with the Court if and when it arises; this Motion concerns only the government's Rule 16 discovery.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
August 5, 2024
Page 5

## CONCLUSION

The government bears the burden of satisfying its Rule 16 obligations.  With respect to the approximately 536,000 discovery documents presently at issue, the government (through BIS's administration of the EAR) has imposed arbitrary restrictions on Huawei's access to discovery, even after determining (through DOJ's designation process under the Protective Order) that such restrictions are entirely unnecessary to further any governmental interest.  For the foregoing reasons, as well as those stated in the BIS Motion, Huawei respectfully seeks the Court's assistance in resolving this issue at the next appearance.

Respectfully submitted,

/s/ Douglas A. Axel                          /s/ David Bitkower
Douglas A. Axel                              David Bitkower
Michael A. Levy                              Matthew S. Hellman
Jennifer Saulino                             JENNER & BLOCK LLP
Daniel Rubinstein                            1099 New York Avenue, NW
Ellyce R. Cooper                             Washington, D.C. 20001
Frank Volpe                                  Tel: 202-639-6048
Melissa Colón-Bosolet                        Email: dbitkower@jenner.com
SIDLEY AUSTIN LLP
787 7th Avenue
New York, NY 10019
Tel.: 212-839-5300
Email: daxel@sidley.com

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,*
*Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*

CC: Clerk of the Court (AMD) (by ECF)