**SIDLEY**                                                   **JENNER & BLOCK** LLP

October 1, 2024

**Via ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Huawei Technologies Co. Ltd.*, No. 1:18-cr-00457 (S-3) (AMD)
              Response in Opposition to Government's Motion to Continue Briefing Schedule

Dear Judge Donnelly:

      We write on behalf of Defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc. (collectively, "Huawei") in opposition to the government's request to delay further briefing on Huawei's Motion to Sever until after the Court decides Huawei's yet-to-be-filed Motion to Dismiss the RICO conspiracy charge (Count One). Dkt. 461 ("Mot. to Continue"); *see also* Dkt. 456 ("Mot. to Sever").

      The government's request rests on the false premise that Huawei's "severance argument relies primarily on pretrial dismissal of the RICO charge." *Id.* at 2 & n.1. This is not correct. As Huawei explains in detail in its Motion to Sever, severance is warranted *regardless* of how the Court rules on Huawei's Motion to Dismiss the RICO conspiracy charge. *See* Mot. to Sever 12–16 (explaining why the subset of fraud and sanctions charges that are statutorily eligible to be RICO predicates do not contribute to this RICO count, which charges a conspiracy to use or invest the "income" from racketeering activity in an enterprise).

      Specifically, Huawei's Severance Motion explains how the Court can and should avoid a *six to nine month* trial[1] on the current indictment by severing Counts Four through Sixteen (the "Sanctions-Related Charges") from Counts Two and Three (the "Trade Secret Charges"). If it survives a motion to dismiss, the RICO charge (Count One) should be tried along with the Trade Secret Charges (Counts Two and Three). Such a proposal would break what would otherwise be an extremely convoluted and unmanageable six- to nine-month-long trial into two more manageable trials, thereby reducing unfair prejudice to the Huawei defendants, reducing the risk of mistrial, and conserving both Court and jury resources. *Id.* at 16–23. As further explained in the Motion to Sever, the proposed severance would *not* require substantial duplication of evidence. *Id.* at 22–23.

      The current briefing schedule, to which the parties agreed at the April 2024 status conference, recognizes that a prompt ruling on the Motion to Sever would promote the efficient management of this case by enabling the parties and the Court to focus their pretrial efforts on

---

[1] The government represented to the Court that it expects its case-in-chief on the current indictment would take four to six months, Tr. at 6:25-7:9 (ECF 419, Apr. 4, 2024), meaning that the trial in its entirety would likely take at least six to nine months.

the first of the two severed trials.[2] However, the government's request to pause the Severance Motion briefing until 30 days after the motions to dismiss are decided means that, as a practical matter, the Court would not resolve Huawei's proposal to sever this case until Summer or Fall 2025 at the earliest. But given the current trial date, Huawei anticipates that both sides would by then be filing numerous trial-related motions—*e.g.*, motions in limine, *Daubert* motions, disputes relating to foreign evidence, etc. It would be highly inefficient to litigate these pretrial issues and prepare for trial before the Court decides the scope of that trial. Rather than force the Court to decide blindly on how two motions—one not yet filed the other not fully briefed—interact with one another, the better course is to maintain the existing briefing schedule on the Motion to Sever, which will allow the Court to decide the Motion to Sever before, with, or after the forthcoming RICO Motion to Dismiss.

The government's continuance request provides no reason why the government cannot file its opposition to the Motion to Sever in accordance with the current schedule, thereby providing the Court with sufficient information and flexibility to decide whether and when to grant the Motion to Sever as part of its overall case management. Instead, the government's request would unnecessarily and indefinitely delay even the parties' briefing of the issue, preventing the Court from ruling on the Motion until close to trial and thus prejudicing Huawei. Huawei therefore requests that the Court deny the government's requested continuance. However, as we have conveyed to the government, Huawei has no objection to extending the opposition and reply deadlines by up to two weeks (to October 18 and November 1, respectively) if the government has difficulty meeting the existing schedule.

Respectfully submitted,

| | |
|---|---|
| /s/ Douglas A. Axel | /s/ David Bitkower |
| Douglas A. Axel | David Bitkower |
| Michael A. Levy | Matthew S. Hellman |
| Jennifer Saulino | JENNER & BLOCK LLP |
| Daniel Rubinstein | 1099 New York Avenue, NW |
| Ellyce R. Cooper | Washington, D.C. 20001 |
| Frank Volpe | Tel: 202-639-6048 |
| Melissa Colón-Bosolet | Email: dbitkower@jenner.com |
| SIDLEY AUSTIN LLP | |
| 787 7th Avenue | |
| New York, NY 10019 | |
| Tel.: 212-839-5300 | |
| Email: daxel@sidley.com | |

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,
Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*

---

[2] When the government agreed to this sequencing, it knew full well that Huawei intended to move "to sever the bank fraud/sanctions charges from the trade secret charges" in advance of its motion "to dismiss the RICO charge (Count 1) on the grounds that the indictment fails to charge a valid RICO conspiracy or pattern." Dkt. 387, at 1–2.