UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,

      -against-

HUAWEI TECHNOLOGIES Co., Ltd., *et al.*,

                    Defendants.
-----------------------------------------------------------X

**SEALED**

**AMENDED ORDER**
18 CR 457 (AMD) (CLP)

**POLLAK**, United States Magistrate Judge:

    Currently pending before this Court on referral from the District Judge are three letter motions filed by the defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc. (collectively, "defendants" or "Huawei"): 1) defendants' June 14, 2024 letter motion seeking to downgrade the government's February 7, 2022 disclosure letter (the "Disclosure Letter" or "Letter") from Attorneys' Eyes Only ("AEO") to Sensitive Discovery Material ("SDM") under the Protective Order (ECF Nos. 430 and 431); 2) defendants' June 14, 2024 letter motion seeking certain relief relating to the Protective Order's treatment of SDM (ECF No. 432); and 3) defendants' June 14, 2024 letter motion seeking the Court's assistance in obtaining access to certain discovery by: a) ordering the Bureau of Industry and Security ("BIS") of the U.S. Department of Commerce to grant defendants access to discovery that can only be shared pursuant to a BIS license; or b) determining that the provisions of the Protective Order supersede BIS licensing requirements (ECF No. 433).

    On September 10, 2024, this Court held oral argument on the three motions. (See ECF No. 459). Before oral argument commenced, this Court held a hearing on and granted

1

defendants' motion to seal the courtroom on consent with respect to defendants' motion to downgrade protections on the Disclosure Letter (ECF No. 455). (Id.)

This Order addresses defendants' motion seeking to downgrade the Disclosure Letter from AEO to SDM. The remaining two motions will be addressed in a separate Order. For the reasons set forth below, defendants' motion is denied.

## BACKGROUND

Before addressing the motion, the Court notes that key to each motion is the Protective Order ("P.O."[1]) relating to discovery that was entered in this case on June 10, 2019. The Protective Order provides for three levels of protection for discovery produced by the government: Discovery Material ("DM"), SDM, and AEO. (Defs.' Mot.[2] at 2 (citing P.O. ¶¶ 1, 11, 16)). All discovery is designated DM, but if the government has a good faith belief that greater restrictions are required, it may designate materials with an SDM designation, which is designed to protect highly sensitive information, including the identities of witnesses and victims, proprietary information of a victim financial institution, national security or law enforcement information, and information that could impede an ongoing law enforcement operation or implicate the safety of others. (Id. at 3 (citing P.O. ¶ 19)). There are certain restrictions placed on defendants' review of SDM, including the ability to review it and discuss it only in the presence of counsel, and restrictions on possession of such information, including a prohibition from taking it outside the United States. (Id.)

---

[1] Citations to "P.O." refer to the parties' Protective Order filed on June 10, 2019 (ECF No. 57), and So Ordered by the Court on June 11, 2019.
[2] Citations to "Defs.' Mot." refer to defendants' motion to downgrade the government's February 7, 2022 Disclosure Letter designation from AEO to SDM, filed on June 14, 2024 (ECF Nos. 430 (redacted), 431 (unredacted)).

2

The government may also designate certain materials as AEO, which limits review to defense counsel and defense staff who are United States citizens. (Id. (citing P.O. ¶ 17)). Information and documents designated AEO must be maintained on a stand-alone computer that is not connected to the internet and maintained in the offices of defense counsel, and may not be transmitted from the computer without an order from the Court. (Id. (citing P.O. ¶¶ 18-19)). The Protective Order requires the government to establish good cause if a designation is challenged. (Id. (citing P.O. ¶ 20)).

## DISCUSSION

A. The Parties' Submissions

1. Defendants' Motion

In their motion, defendants contend that the government's February 7, 2022 Disclosure Letter "is the most significant of a series of Brady[3] letters in this case" that contains ▮▮▮▮ ▮▮▮▮ third superseding indictment ("S3 Indictment") (ECF No. 126). (Defs.' Mot. at 1). According to defendants, the Letter contains highly exculpatory information, ▮▮▮▮ ▮▮▮▮ (Id. at 4). Citing United States v. Douglas, 525 F.3d 225, 245 (2d Cir. 2008), defendants contend that because the Letter contains exculpatory information that must be disclosed pursuant to Brady, the government has the obligation to disclose this material "in time for its effective use at trial." (Id.) Indeed, defendants cite the district court's February 18, 2021 Order in this case, requiring disclosure of Brady material "'promptly after its existence becomes known to the prosecution so that the

---

[3] Brady v. Maryland, 373 U.S. 83 (1963).

3

defense may make effective use of the information in the preparation of its case.'" (Id. (citing Order, dated Feb. 18, 2021 (ECF No. 261))).

Defendants complain that not only did the government withhold the information described in the February 2022 Letter for three years, but having now disclosed it, the government has designated the Letter as AEO pursuant to the Protective Order. (Id.) Defendants assert that five years into the case, their personnel still have not had the opportunity to see this material, exculpatory information even two years after the letter was produced. (Id. at 1, 4). Although the government has proposed downgrading the information to SDM three months before trial, defendants contend that due to the length of time required to investigate ▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ and to secure exculpatory evidence for use at trial, the government's proposal will "virtually ensure the need for a continuance of the trial date . . ." (Id. at 1). Defendants assert that not only does the letter contain ▆▆ of potential leads, but given that "virtually all of the relevant conduct in this case took place in China," conducting an effective investigation in China is likely to take longer than the three months proposed by the government, and obtaining appropriate approvals from the Chinese government to introduce any exculpatory information that is found may take "more than a full year." (Id. at 4-5 (citing United States v. Fujian Jinhua Integ. Circuit Co., No. 3:18 CR 465 (N.D. Cal. Aug. 21, 2023))). Even disclosure 12 months before trial is not sufficient according to defendants. (Id. at 5).

Defendants further contend that the defendants have the right to receive Brady material, not defense counsel, and thus, the fact that this AEO material has been produced to counsel does not satisfy the government's obligations under Brady. (Id. at 5-6 (citing United States v. Baker, No. 20 CR 288, 2020 WL 4589808, at *4 (S.D.N.Y. Aug. 10, 2020) (stating: "[i]t frequently

4

will be the defendant, and the defendant alone, who knows all of the relevant facts and who will appreciate the significance of a particular item of evidence"))). Defendants also note that disclosure just to counsel violates the defendants' right to participate in their own defense. (Id. at 6 n.4 (citing cases)).

Finally, although defendants contend that a balancing of interests is not appropriate here, nonetheless, the government has failed to establish "good cause" for maintaining the AEO designation. (Id. at 6-7). Citing United States v. Castricone, defendants argue that the government has not demonstrated that disclosure of the Letter to defendants would "result in a clearly defined, specific and serious injury." (Id. at 7 (citing No. 20 CR 133, 2021 WL 841405, at *1 (quoting In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006)))). According to defendants, while the government has articulated a concern regarding ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇ the government has failed to explain why the individuals within Huawei who have signed the Protective Order should not be allowed to see the information pursuant to the SDM designation. (Id.)

2. The Government's Response

In response to defendants' motion, the government filed a letter (the "response letter"), dated July 15, 2024, arguing that while defendants have described this as a Brady issue, it is a "straightforward issue regarding the appropriate treatment of discovery under the Protective Order," and the government asserts that the AEO designation in this instance is proper. (Gov. Resp.[4] at 1). According to the government, the Disclosure Letter has been marked AEO because

---

[4] Citations to "Gov. Resp." refer to the government's letter in opposition to defendants' motion to downgrade the Letter from AEO to SDM, which redacted version was filed on ECF on July 15, 2024 (ECF No. 446). The government also produced to the Court and defense counsel a partially redacted, AEO version of its letter, and produced a fully unredacted version to the Court *ex parte*.

it contains sensitive information that the SDM designation would not be sufficient to protect against the risks of potential obstruction of the prosecution. (Id. at 3).

In its July 15, 2024 response letter, the government details the basis for its concerns with respect to various efforts by defendants and the PRC[5] government to take actions that appear designed to impede and undermine the integrity of the prosecution, including efforts to influence the grand jury investigation by relocating potential witnesses and destroying evidence, as well as ████████████████████████████████████ (Id. at 5-9). Given documented examples of the PRC government's use of threatening and coercive tactics, the government contends that providing the information at issue to the defendants, even with the SDM designation, would heighten the risk of obstructive conduct as well as pose a potential threat to witnesses because there is no way to regulate what the defendants will do with the information ████████████████████████████████████ (Id. at 12).

The government also disputes defendants' contention that their ability to investigate and prepare a defense outweighs the government's concerns, noting that the defendants already have sufficient information that is not designated AEO to conduct a meaningful investigation and prepare a defense. (Id.) ████████████████████████████████████ (Id.) The AEO designation merely prevents defense counsel from sharing with defendants certain protected information which is narrow and specific. (Id.) To the extent that defendants claim they will not have adequate time to investigate if the AEO designation is not lifted until three months prior to trial, the government argues that

---

[5] The abbreviation "PRC" refers to the People's Republic of China.

6



(Id. at 13).

The government further asserts that although the information in the Letter does not constitute Brady material, the government has satisfied its disclosure obligation under Brady and its progeny. (Id. at 14). Citing United States v. Orena, the government argues that where, as here, there are significant safety concerns, AEO disclosures are sufficient to satisfy the government's Brady obligations where defense counsel has an adequate ability to investigate the material. (Id. (citing 145 F.3d 551, 558 (2d Cir. 1998)); see also United States v. Cobb, 544 F. Supp. 3d 310, 330 (W.D.N.Y. 2021) (finding that the names of certain tipsters constituted Brady material, and requiring the government to produce their identities on an AEO-only basis until further order of the court); United States v. DeLeon, No. 15 CR 4268, 2017 WL 2271427, at *68 (D.N.M. Mar. 8, 2017) (ordering disclosure of informant's identity on an AEO basis where the government expressed concerns regarding the informant's safety). Noting that in the context of classified discovery under the Classified Information Protective Act ("CIPA"), the government may satisfy its Brady obligations by producing the discovery to counsel with clearance even though the defendant may never see the information (id. (citing United States v. Muhanad Mahmoud Al Farekh, No. 15 CR 268, 2016 WL 4444778 (E.D.N.Y. Aug. 23, 2016), aff'd, 956 F.3d 99 (2d Cir. 2020))), the government argues that a similar principle should apply in this case where the government has not suppressed the information but has identified compelling interests that warrant the AEO designation. (Id. at 14-15).

3.  Defendants' Reply

In their Reply letter, defendants reiterate their argument that the Disclosure Letter contains highly exculpatory information that cannot be concealed from the defendants under Brady, and they challenge the government's assertion that it has satisfied its Brady obligation by producing the Letter to defense counsel. (Defs.' Reply[6] at 4). Defendants argue that the cases cited by the government all imagine counsel's eventual disclosure of the Brady material to their clients, and that cases under CIPA are not relevant because CIPA involves restrictions on discovery of classified information, which the Letter is not. (Id. at 4-5).

Defendants contend that even with the government's offer to redesignate the Letter as SDM three months before trial, there are practical barriers to effectively investigating leads flowing from the Letter, including 

Defendants further argue that the government's showing of need for witness safety is not sufficient to protect the Letter from disclosure. (Defs.' Reply at 7-8). Since the information

---

[6] Citations to "Defs.' Reply" refer to defendants' Reply in support of their motion to downgrade the Letter from AEO to SDM, filed publicly on ECF on August 15, 2024 (ECF No. 454). Defendants also produced to the Court and defense counsel a partially redacted, AEO version of its Reply, and produced a fully unredacted version to the Court *ex parte*.

[7] Citations to "Tr." refer to the sealed transcript of the September 10, 2024 oral argument on the instant motion, which was hand-delivered to the Court and exists only as a paper copy.

████████████ in the Letter is exculpatory, ████



4. <u>Oral Argument</u>

During oral argument, the government further clarified the scope of the Protective Order's restrictions on the Disclosure Letter. The government explained that defense counsel can conduct investigations ███████████████████ by utilizing both the Letter's contents and additional information ████████ produced otherwise during discovery. (Tr. at 16:12-25).



B.   Analysis

Under Rule 16 of the Federal Rules of Criminal Procedure, a court may, "for good cause, deny, restrict, or defer discovery or inspection[.]" Fed. R. Crim. P. 16(d)(1); see United States v. Smith, 985 F. Supp. 2d 506, 522 (S.D.N.Y. 2013) (applying Rule 16(d) to a request for a protective order and collecting cases); see also In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93, 122 (2d Cir. 2008) (noting that Rule 16(d) "leaves the precise conditions under which the defense may obtain access to discoverable information to the informed discretion of the district court"). Factors a court may consider in allowing a restriction of discovery material include "the safety of witnesses and others, . . . witness intimidation, [and] the protection of information vital to the national security." Fed. R. Crim. P. 16 advisory committee's note to 1966 Amendment; see also United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008) (holding that Rule 16 "authorizes district courts to restrict discovery of evidence in the interest of national security").

In its response letter, the government outlines "defined, specific" threats of injury upon disclosure of the Letter. United States v. Castricone, 2021 WL 841405, at *1 (citation omitted). The government details specific instances of ████████ Huawei's efforts to interfere with the

prosecution of this action, including Huawei's alleged scheme to obstruct the grand jury investigation by relocating witnesses. (Gov. Resp. at 4-9). Indeed, in the third superseding indictment (S3 Indictment), filed on February 13, 2020, the government added a charge against Huawei relating to this alleged obstruction scheme. (ECF No. 126). The government also provides details demonstrating the PRC's particular interest in this case, which, coupled with the finding by the U.S. Department of Homeland Security that the PRC pursues transnational repression activity in the United States, legitimately constitutes a threat to witness safety. (Gov. Resp. at 10 (citing Office of Intelligence and Analysis, U.S. Dep't of Homeland Security, "Homeland Threat Assessment: 2024," available at https://www.dhs.gov/sites/default/files/2023-09/23_0913_ia_23-333-ia_u_homeland-threat-assessment-2024_508C_V6_13Sep23.pdf at 7)).

Defendants contend there is no reason the Letter should not be considered SDM along with the vast majority of the government's production. (Defs.' Mot. at 7). However, the government demonstrated that the Letter contains information that [REDACTED]

To the extent defendants argue that the Letter's designation as Brady material itself makes the AEO designation inappropriate, that view is not supported by the case law. It seems clear that disclosure to defense counsel can satisfy Brady where, as here, there are serious concerns for witness safety or national security. See, e.g., United States v. Cobb, 544 F. Supp. 3d at 330 (ordering Brady material to be produced as "attorneys' eyes only" to conceal identities of government tipsters, citing safety concerns in a drug trafficking-homicide case); United States

v. DeLeon, 2017 WL 2271427, at *68 (holding similarly to protect government informant in a case involving a New Mexican prison gang); United States v. Muhanad Mahmoud Al Farekh, 2016 WL 4444778, at *3 (citing national security concerns, allowing for only classified summaries to be produced to defense counsel in a case charging the defendant with involvement with al-Qaeda). A similar application is warranted here, where the case implicates interference by a foreign government and demonstrated concerns over witness safety.

In addition, given the scope of allowable use of the Letter, production to defense counsel alone still allows for defendants' "effective use" of the material ahead of trial, which is currently scheduled for over a year from now, in January 2026. (ECF No. 463 at 9:17-18); United States v. Douglas, 525 F.3d at 245 (holding that Brady material must be disclosed "in time for its effective use at trial"). Defendants can, using a combination of non-AEO documents and the Letter, pursue investigative leads at any time. Utilizing the information gleaned from the Letter, defense counsel can involve Huawei personnel in these investigations: [REDACTED] Huawei can also review documents cited directly in the Letter. Thus, the AEO designation does not prevent Huawei from participating "in its own defense," as Huawei has sufficient access to this information to evaluate and contextualize the information's importance to its case. (Defs.' Mot. at 6 n.4 (citing United States v. Baker, 2020 WL 4589808, at *4 (holding that it is "frequently . . . the defendant . . . alone, who knows all of the relevant facts and who will appreciate the significance of a particular item of evidence"))).

The AEO designation does require defense counsel to [REDACTED]



The Second Circuit noted that <u>Brady</u> is satisfied when "the defendant or his attorney either knew, or should have known of the essential facts permitting him to take advantage of that evidence." <u>United States v. Orena</u>, 145 F.3d 558 n.4 (quoting <u>United States v. Torres</u>, 129 F.3d 710, 717 (2d Cir. 1997) (further citations omitted)).  Here, while it is not clear that the information contained in the letter constitutes <u>Brady</u> material, it is clear that defendants' attorneys have full access to the Letter and thus more than just the essential facts, allowing them to use that information to gather and obtain evidence.  Given the government's compelling showing that the AEO designation is necessary to protect witness safety and prevent obstruction of the prosecution, the Court finds that even if the Letter constitutes <u>Brady</u> material, the circumstances warrant its AEO designation and the scope of permittable use satisfies any concerns under <u>Brady</u>.

C.   The Parties' Requests to File Briefings Under Seal

The parties have requested the Court's approval to file certain versions of their briefings on the instant motion under seal. First, defendants request approval to file on ECF a public, redacted version (ECF No. 430), and a sealed, unredacted version (ECF No. 431), of their letter motion, in compliance with a May 13, 2024 agreement with the government that defendants may "describe AEO materials in under-seal submissions to the Court" so long as they do not disclose any personally identifying information. (Defs.' Mot. at 2 n.2 (quoting the May 13, 2024 agreement)). Given that defendants' letter motion discusses the Disclosure Letter which shall remain designated as AEO, defendants' request to file a public redacted version and an unredacted version of their letter motion under seal is granted.

Second, the government has designated its response letter as AEO and also requested that the contents of the response letter be filed in redacted form to avoid possible efforts to obstruct the prosecution and jeopardize the safety of witnesses. (Gov. Resp. at 16-17).[8] Defendants object to the AEO designation, arguing that the response letter should be designated as SDM. (Defs.' Reply at 9). In addition, defendants ask the Court to Order the government to notify defendants in advance when and why they intend to file certain documents *ex parte* or as AEO, and to allow defendants time to respond, which defendants say the government failed to do in their response letter. (Id.) Given the Court finds good cause for the Disclosure Letter itself to be designated AEO, and the government's response letter details the specific reasons for the designation, defendants' request to downgrade the designation to SDM is denied and the version of the government's response letter designated AEO may remain so. The government's request

---

[8]The government also provided defense counsel with an AEO-designated copy of the letter with certain redacted information relating to the government's trial strategy and other non-public information; an unredacted version of that copy was provided to the Court *ex parte*. (Id. at 17). Having reviewed the unredacted version, the government's request to file that unredacted version *ex parte* is granted.

to file their response letter in redacted form is also granted. However, for future briefings, the parties are Ordered to provide advance notice, with sufficient time to allow a response, whenever either party seeks to file certain documents *ex parte* or as AEO.

As to their Reply letter, defendants request approval to file a public version that redacts AEO or SDM material, as requested by the government. Defendants provided the government and the Court with an AEO version of the Reply, which leaves unredacted the AEO and SDM content. Defendants also filed *ex parte* with the Court a fully unredacted Reply, with the government's consent, because certain portions of the Reply relate to defendants' trial strategy. (Defs.' Reply at 6 n.6). As noted above, since the Disclosure Letter will remain AEO, defendants' Reply discussing the Disclosure Letter's contents should similarly be designated AEO. Defendants' request to file versions of their Reply under seal and *ex parte* is granted.

Finally, the Court will initially file this Order under seal for the parties' review and comment as to any necessary redactions before filing publicly.

## CONCLUSION

For the reasons stated above, defendants' motion to redesignate the February 7, 2022 Disclosure Letter is DENIED. The Letter shall remain designated as AEO, and the defendants are Ordered to comply with the terms of the Protective Order as discussed at oral argument. The government's request to file a redacted version of its response letter, and to provide AEO and *ex parte* versions of the same, is GRANTED *ex post facto*. Defendants' requests to file redacted versions of their letter motion and Reply, and to provide AEO and *ex parte* versions of the Reply, are GRANTED *ex post facto*. By **November 6, 2024**, the parties shall submit any comments as to necessary redactions to this Order before it is filed publicly.

**SO ORDERED.**

Dated: Brooklyn, New York

October 24, 2024

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York