**SIDLEY**  **JENNER&BLOCK** LLP  **Steptoe**

January 6, 2026

**Via ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Huawei Technologies Co., Ltd. et al.*, No. 1:18-cr-457 (S-3) (AMD)

Dear Judge Donnelly:

      As noted in the parties' joint submission filed today, Huawei does not object to an adjournment of the January 8, 2026 status conference. However, Huawei writes separately in response to the government's December 23, 2025 notice regarding the anticipated superseding indictment (ECF 600) to set forth its position on the government's failure to obtain a superseding indictment by the end of 2025.

      At the September 30, 2025 status conference, the government represented that by the end of 2025, it intended to obtain a superseding indictment making "extremely minor changes" to the current indictment, which it characterized as "most likely some minor changes to some dates." Sept. 30, 2025 Tr. at 8. On December 23, 2025, the government gave notice that it would not return a superseding indictment by the end of 2025. ECF 600, at 1. The government stated that it "still intends to obtain a further superseding indictment," *id.*, but it did not provide another deadline by which it intends to do so.

      In its notice, the government described the changes that "at this time, it anticipates seeking in a fourth superseding indictment," while also "reserv[ing] the right to supplement or modify these changes." *Id.* Specifically, without providing further context, the government noted that it anticipates expanding the date ranges for (a) Counts Six and Nine by three years, from the current range of November 2007 – May 2015 to November 2007 – 2018, and (b) Count Fifteen by eighteen months, from the current range of November 2007 – November 2014 to December 2006 – June 2015. *Id.* at 1-2. In addition, the government is "continuing to evaluate potential additional modifications to the Third Superseding Indictment." *Id.* at 2. The government contends that none of these anticipated or potential modifications to the current indictment would cause any delay to the trial date or interfere with Huawei's ability to prepare for trial. *Id.*

      On January 5, 2026, Huawei sought to meet and confer with the government about the basis for these anticipated modifications to the date ranges and to understand what potential additional modifications were under consideration, but the government declined to provide any additional information beyond what is described in its December 23, 2025 notice.

  Although Huawei does not know the precise content or effect of the government's anticipated modifications in the anticipated Fourth Superseding Indictment, or when the government expects to obtain that new indictment, Huawei is concerned that the changes may require adjourning the trial date, or instead proceeding to trial as scheduled only on the Third Superseding Indictment.

  The anticipated changes extend the alleged scheme in Counts Six and Nine *by three years*, with no explanation for that expansion. The current Counts Six and Nine relate to the alleged "Skycom Fraudulent Scheme," based on ¶¶ 64-79 of the Third Superseding Indictment ("S3"), and contain no allegations after 2014. The government has provided spreadsheets of the Skycom U.S. dollar transactions at issue in discovery, which generally include payments from 2009 to 2015, roughly matching the S3 date ranges. Huawei is unaware of any Skycom U.S. dollar payments in the new period covered by the anticipated superseding indictment, *i.e.*, June 2015 through 2018. Despite Huawei's specific request, the government has declined to disclose whether there will be new transactions at issue in Counts Six and Nine or whether the anticipated new counts will encompass more than the alleged Skycom scheme.

  Likewise, the anticipated changes expand the date range covered by Count Fifteen by more than 18 months. Count Fifteen currently alleges a promotional money laundering scheme involving Huawei's and Skycom's monetary transactions conducted to promote underlying conspiracies to violate IEEPA. The underlying conspiracies to violate IEEPA in the Third Superseding Indictment are: (a) Count Eleven (based on financial service exports) alleged from November 2007 – November 2014, and (b) Count Thirteen (based on hiring Employee-1) alleged from 2008 – 2014. The new date range of the promotional money laundering conspiracy would exceed the date range of the underlying specified unlawful activity allegedly being promoted. This date range disparity implies that the government anticipates arguing a conspiracy to promote uncharged conduct or is effectively also expanding the date ranges of the underlying IEEPA conspiracies. Despite Huawei's specific request, the government has declined to disclose whether it intends to allege new unlawful activity in support of the money laundering conspiracy beyond the charged IEEPA conspiracies.

  Finally, the government has also declined to share any details about the potential additional modifications under consideration, beyond representing that they will not include new counts or victims. Although Huawei does not know what changes are under consideration, any substantive modifications of the charges at this late stage would almost certainly prevent Huawei from preparing effectively for trial on the current schedule.

Respectfully submitted,

| /s/ David Bitkower | /s/ Douglas A. Axel | /s/ Brian M. Heberlig |
|---|---|---|
| David Bitkower | Douglas A. Axel | Brian M. Heberlig |
| Matthew S. Hellman | Michael A. Levy | Ryan P. Poscablo |
| JENNER & BLOCK LLP | Ellyce R. Cooper | Julia Gatto |
| 1099 New York Avenue, NW | Frank R. Volpe | William L. Drake |
| Washington, D.C. 20001 | Melissa Colón-Bosolet | Jessica I. Rothschild |
| (202) 639-6048 | Daniel J. Hay | STEPTOE LLP |
| dbitkower@jenner.com | SIDLEY AUSTIN LLP | 1114 Avenue of the Americas |
| | 787 7th Avenue | New York, NY 10036 |
| | New York, NY 10019 | (212) 506-3900 |
| | (212) 839-5300 | rposcablo@steptoe.com |
| | daxel@sidley.com | |

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,
Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*