**SIDLEY**   **JENNER&BLOCK LLP**   **Steptoe**

February 26, 2026

**Via ECF**
The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *United States v. Huawei Technologies Co. Ltd.*, No. 18-457 (S-3) (AMD) (JAM)
            Motion to De-Designate AEO Material

Dear Judge Donnelly:

      We write on behalf of Defendants Huawei Technologies Co. Ltd, Huawei Device Co., Ltd., Huawei Device USA, Inc., and Futurewei Technologies, Inc. (collectively, "Huawei") to address the government's designation of certain critical trial disclosures and pre-trial filings as Attorneys Eyes Only ("AEO"). The government's justification of these restrictions—also provided in an AEO filing—demonstrates that there is no valid basis to withhold this information from the defendants. Accordingly, Huawei requests that the Court overrule the government's AEO designation of (1) the ▮▮▮▮▮ documents listed in Exhibit B to the government's February 4, 2026 Jencks disclosure that remain (the "AEO Jencks Material"), and (2) the government's February 13, 2026 motion *in limine* supplement ("MIL Supplement").[1]

      Because this request relates to the defendants' ability to access information relevant to the upcoming trial and the government's pending motion *in limine*, Huawei respectfully requests expedited briefing and decision. To the extent the Court believes oral argument is necessary or useful, Huawei will make itself available at the Court's convenience.[2]

**I.    Background**

      On June 10, 2019, the Court entered a Protective Order governing "[a]ll material and information disclosed or produced" in this case, including material disclosed "pursuant to 18 U.S.C. § 3500." Dkt. 57 ¶ 1. Under the Protective Order, all discovery is subject to certain

---

[1] The government submitted the MIL Supplement to the Court via the Court's Highly Sensitive Document protocol on February 13, 2026. Because the Protective Order's restrictions on AEO materials means that Huawei does not have and cannot create an electronic copy of the AEO Jencks Materials, Huawei requests that the government supply the Court with a copy of Exhibit B to its February 4, 2026 Jencks disclosure.

[2] Counsel for Huawei and the government have met and conferred regarding expedited briefing. The government has agreed to file its opposition brief on or before March 10. Huawei will file any reply on or before March 16. In light of the importance of this issue to the pending motion *in limine* and the defendants' ability to prepare for trial, Huawei respectfully requests a ruling as expeditiously as feasible.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 26, 2026
Page 2

baseline restrictions, including that the materials may be used only for purposes of this case, may be disseminated only to certain categories of persons, and may not be publicly filed without the government's permission or leave of court. *Id.* ¶¶ 2–10. The government may designate documents that contain certain sensitive information, such as "identifying information for any potential witness, victim or individual not a party to this litigation," as Sensitive Discovery Material ("SDM"). *Id.* ¶ 19. Among other onerous restrictions, SDM may be reviewed only in the presence of Defense Counsel and may be accessed only in the United States and certain other, pre-approved countries. *Id.* ¶¶ 11–15. In exceptional circumstances, the government may designate materials as AEO when the government has a good-faith basis to believe that no lesser restrictions would protect the government's interests in confidentiality. *Id.* ¶ 20. Materials designated as AEO may not be maintained on any network-connected computer, and thus in practice are accessible only in hard copy documents kept in the offices of Defense Counsel. *Id.* ¶ 18.

In its February 4, 2026 disclosure of Jencks Act materials, the government produced, among other things, ▉ documents containing statements from ▉ potential witnesses that the government designated as AEO, and which the government refuses to downgrade to SDM until one week before the witness testifies. *See* Feb. 12, 2026 Tr. at 21:13–15. At the February 12, 2026 status conference, the government stated that the basis for the AEO treatment of those ▉ witnesses' statements would be revealed in a forthcoming motion *in limine*. *Id.* at 22:7–9.

On February 13, 2026, the government submitted an AEO supplement to its pending motion *in limine*, in which it identified ▉ anticipated witnesses whom ▉▉▉▉▉▉▉▉▉. *See* MIL Supplement at 3. ▉ of those ▉ anticipated witnesses are the individuals whose Jencks disclosures were produced subject to an AEO designation; the remaining ▉ individuals' Jencks materials were produced as SDM. In its MIL Supplement, the government notes that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *Id.* at 3–4.[3]



Defense Counsel and the government have met and conferred about the AEO designation of both the MIL Supplement and the AEO Jencks Material. The government has refused to disclose these materials to the defendants prior to one week before each witness testifies.

---

[3] Whether these witnesses should be permitted to testify under a pseudonym is not the subject of this motion. Huawei opposes this request and will address it in response to the government's motion *in limine*.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 26, 2026
Page 3

## II. Argument

The Court should overrule the government's AEO designation of the MIL Supplement and the AEO Jencks Materials.

A criminal defendant, such as Huawei, has a Sixth Amendment right to personally participate in and direct its defense. *See, e.g., Lainfiesta v. Artuz*, 253 F.3d 151, 154 (2d Cir. 2001); *United States v. Baker*, 2020 WL 4589808, at *4 (S.D.N.Y. Aug. 10, 2020). The defendant also has a due process right to personally view, and help its attorneys respond to, substantive filings, such as the MIL Supplement, that may materially affect the defense. *See, e.g., United States v. Abuhamra*, 389 F.3d 309, 321 (2d Cir. 2004) ("a defendant's due process right to a fair hearing" narrowly circumscribes use of *ex parte* filings); *California v. Trombetta*, 467 U.S. 479, 485 (1984) (criminal defendants have "constitutionally guaranteed access to evidence"). Indeed, other than in the narrow category of classified information, which is governed by a specific statutory regime, Huawei is not aware of any case in which a defendant has been denied personal access to substantive filings in its own case.

At a minimum, when the government seeks to limit the use and dissemination of discovery material, it has the burden to demonstrate "that disclosure will result in a clearly defined, specific and serious injury." *United States v. Castricone*, 2021 WL 841405 at *1 (W.D.N.Y. 2021); *see also, e.g., Abuhamra*, 389 F.3d at 321 (*ex parte* submissions permitted only where "no alternative means" exist to protect "a compelling need to maintain the secrecy of certain evidence"). The Protective Order in this case reinforces this principle, providing for AEO treatment of material only where the government can show that a lesser designation "provides insufficient protection." Dkt. 57 ¶ 20.



The government has not met this high bar. In its MIL Supplement, the government argues that AEO treatment of discovery materials for ▓ anticipated witnesses is appropriate due to ▓ *See* MIL Supplement 3–4. Even accepting these concerns at face value, the government offers no basis to fear that disclosures of either the MIL Supplement or the AEO Jencks Materials *to Huawei* would create a risk that ▓. Huawei is ▓, and the individuals who would access the MIL Supplement are in-house Huawei lawyers actively engaged in the preparation of Huawei's defense. All of these individuals have signed the Protective Order submitting themselves to the jurisdiction of this Court and have made extraordinary efforts to comply with the Protective Order's restrictions for nearly seven years. ▓ There is, in short, no nexus between disclosing this information to Huawei under the restrictive provisions of the Protective Order and the ▓.

In prior AEO disputes, the government has sought to justify AEO designations ▓ by arguing that (1) Huawei is charged in this case with obstructing justice by allegedly transferring employee-witnesses out of the United States, and (2) ▓

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 26, 2026
Page 4

███  *See* Dkt. 446.  To the extent the government seeks to belatedly raise those concerns here, that would be meritless.  The obstruction count in the Indictment (which Huawei contests) is different in kind from the concerns raised in the MIL Supplement.  Further, ███ cannot be a basis for restricting Huawei's access to discovery and briefing in this case.  But regardless, baseless concerns ███  The Court need not weigh or even consider those unproven allegations, because they simply do not implicate the concerns identified in the MIL Supplement.

Because the MIL Supplement[4] and the AEO Jencks Materials do not qualify for AEO treatment, the Court should overrule their designation; Huawei has no burden to show that the designation is prejudicial to its defense.  There can be no doubt, however, that the designation is prejudicial to Huawei.  The AEO Jencks Materials include ███ substantive documents containing information that has never before been made available to the defense.  The MIL Supplement reveals for the first time ███  *See* MIL Supplement 5.  The defense cannot have a full and fair chance to rebut this testimony or even address the government's motion *in limine* to allow this hearsay absent a chance for defense counsel to discuss the material freely with their client.  As is often the case, the defendants themselves are best positioned to provide context necessary to understand and rebut the government's evidence.  *See, e.g., Baker*, 2020 WL 4589808, at *4 (S.D.N.Y. Aug. 10, 2020) ("It frequently will be the defendant, and the defendant alone, who knows all of the relevant facts and who will appreciate the significance of a particular item of evidence ….").

### III. Conclusion

For the foregoing reasons, Huawei respectfully requests that the Court downgrade the MIL Supplement and the AEO Jencks Materials to SDM.

---

[4] In addition to being unnecessary and prejudicial, the government's purported designation of the MIL Supplement as AEO is improper.  The government states in the MIL Supplement that it is designating that brief as AEO ███ MIL Supplement 1 n.2.  But the Protective Order applies only to discovery and does not contain any provision authorizing an AEO filing.

*United States v. Huawei Technologies Co. Ltd.*,
No. 1:18-cr-00457 (S-3) (AMD) (CLP)
February 26, 2026
Page 5

                                              Respectfully submitted,

| */s/ David Bitkower* | */s/ Douglas A. Axel* | */s/ Brian M. Heberlig* |
|---|---|---|
| David Bitkower | Douglas A. Axel | Brian M. Heberlig |
| Katya Jestin | Michael A. Levy | Ryan P. Poscablo |
| Matthew S. Hellman | Frank R. Volpe | Julia Gatto |
| JENNER & BLOCK LLP | Ellyce R. Cooper | William L. Drake |
| 1099 New York Avenue, NW | Melissa Colón-Bosolet | Jessica I. Rothschild |
| Washington, D.C. 20001 | Daniel J. Hay | STEPTOE LLP |
| (202) 639-6048 | SIDLEY AUSTIN LLP | 1114 Avenue of the Americas |
| dbitkower@jenner.com | 787 7th Avenue | New York, NY 10036 |
| | New York, NY 10019 | (212) 506-3900 |
| | (212) 839-5300 | rposcablo@steptoe.com |
| | daxel@sidley.com | |

*Counsel for Huawei Technologies Co., Ltd., Huawei Device USA Inc.,
Huawei Device Co., Ltd., and Futurewei Technologies, Inc.*