

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NJM:TGS/MAA
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 9, 2026

**FILED UNDER SEAL**

By ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Huawei Technologies Co., Ltd., et al.,
                 Criminal Docket No. 18-CR-457 (S-3) (AMD)

Dear Judge Donnelly:

      The government respectfully requests that the Court permit the government to take and offer the testimony of ███████, by deposition pursuant to Rule 15 of the Federal Rules of Criminal Procedure in advance of trial, which is scheduled to begin on June 15, 2026. Mr. ███████ is currently undergoing treatment for ███████ and is physically unable to travel from his home in California to testify at the upcoming trial. The defendants consent to the taking of this deposition under Rule 15, *see* Fed. R. Crim. P. 15(h) ("The parties may by agreement take and use a deposition with the court's consent."), but object in part to the government's proposed deposition procedure.

I.    Background

    A.    Mr. ███████'s Anticipated Testimony[1]

      Mr. ███████ is the former chief executive officer and co-founder of ███████, the victim intellectual property company identified as "Company 6" in the Third Superseding Indictment (the "Indictment"). The government anticipates that he will explain ███████'s key technological innovations in the computer data storage industry and the measures that ███████ took to protect its intellectual property, as well as describe meetings and

---

[1] The foregoing description is only a summary of Mr. ███████'s anticipated testimony.

communications with Huawei representatives in which those representatives professed to express interest in buying ▮▮▮▮'s technology. He will explain that Huawei never entered into a commercial relationship with ▮▮▮▮ despite Huawei's purported interest in ▮▮▮▮'s technology.

B.     Mr. ▮▮▮▮'s Medical Circumstances

Mr. ▮▮▮▮ has represented to the government that he currently is undergoing treatment for ▮▮▮▮▮▮▮▮▮▮ and is physically unable to travel from his home in ▮▮ ▮▮▮▮, California, to testify at the upcoming trial. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Given Mr. ▮▮▮▮'s medical condition, his health care provider has advised that he should not travel from California to the Eastern District of New York to testify. *See* February 20, 2026 Letter from Medical Provider, attached hereto as Exhibit A.

II.     Argument

A.     Applicable Law

"A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a). Whether to order a deposition in lieu of live testimony is a decision that "rests within the sound discretion of the trial court." *United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir. 1984). To establish "exceptional circumstances" under Rule 15, "[a] movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001) (internal citation omitted).

In addition, parties may jointly agree to take a deposition, with the court's consent. *See* Fed. R. Crim. P. 15(h). "[W]hen such consent is present, the deposition may be taken without regard to the other strictures of the rule." *In re Associated Press*, 162 F.3d 503, 513 (7th Cir. 1998) (citing a pre-restyling version of Rule 15(h), then codified as Rule 15(g)).

B.     The Court Should Permit the Deposition of Mr. ▮▮▮▮

Even if the motion were not on consent such that Rule 15(a)'s requirements applied, the Court should grant the motion.

*First*, Mr. ▮▮▮▮ is unavailable. "Unavailability is to be determined according to the practical standard of whether under the circumstances the government has made a good-faith effort to produce the person to testify at trial." *Johnpoll*, 739 F.2d at 709 (internal citations omitted). In cases where the movant alleges that medical issues prevent in-person testimony, "[u]navailability is defined by reference to Rule 804(a) of the Federal Rules of Evidence, which includes situations in which a witness 'is unable to be present or to testify at the hearing because of . . . physical or mental illness or infirmity.'" *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir.

2

1999) (quoting Fed. R. Evid. 804(a)(4)). Here, Mr. ▇▇▇▇'s ▇▇▇▇ illness, treatment for same, and inability to travel even moderate distances in his everyday life render him unavailable under this standard. *See United States v. McMahon*, No. 21-CR-265 (PKC) (May 5, 2023 Minute Entry (granting government's motion for Rule 15 deposition, finding witness unavailable due to medical circumstances)); *United States v. Ahmed*, No. 14-CR-277 (DLI), 2016 WL 3653961, at *2 (E.D.N.Y. July 1, 2016) (granting government's motion for Rule 15 deposition, finding that witness's serious and potentially life-threatening medical conditions rendered the witness unavailable); *United States v. Donziger*, No. 19-CR-561 (LAP), 2020 WL 5152162, at *2-4 (S.D.N.Y. Aug. 31, 2020) (finding witness "unavailable to testify in person given the combination of his age . . . and the concomitant health risk posed by COVID-19 if he were forced to travel and stay in New York for a prolonged period of time"); *United States v. Schwimmer*, No. 87-CR-423 (JMM), 1987 WL 30635, at *1 (E.D.N.Y. Dec. 22, 1987) (granting Rule 15 motion, finding witness unavailable where he had recently suffered severe medical conditions, and where although he was recovering, there was a likelihood that his health could again deteriorate before trial).

*Second*, Mr. ▇▇▇▇'s testimony is material to the case. "[T]estimony is material if it is 'highly relevant to a central issue in the case.'" *Grossman*, 2005 WL 486735, at *3 (quoting *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993)). As described above, Mr. ▇▇▇▇'s testimony is material to the elements of the conspiracy to steal trade secrets and wire fraud conspiracy in Counts Two and Three, as well as to the related racketeering activity under Count One. Mr. ▇▇▇▇'s testimony will describe the trade secrets at issue and the steps that ▇▇▇▇ took to protect them. He will also describe interactions between ▇▇▇▇ and Huawei and the property that was the object of the scheme. As co-founder and CEO of ▇▇▇▇, Mr. ▇▇▇▇ is especially well-situated to explain these facts to the jury. Given that Mr. ▇▇▇▇'s anticipated testimony relates to, and arguably proves, multiple elements of the offenses charged, it is "'highly relevant to a central issue in the case'" and is therefore material. *Grossman,* 2005 WL 486735, at *3 (quoting *Drogoul,* 1 F.3d at 1556).

*Third*, the testimony is necessary to prevent a failure of justice. *See United States v. Khan*, No. 06-CR-255 (DLI), 2008 WL 2323375, at *4 (E.D.N.Y. June 2, 2008) (explaining that this requirement is "likely satisfied when the first two factors are met"); *United States v. Vilar*, 568 F. Supp. 2d 429, 442-43 (S.D.N.Y. 2008) (same).

III.   <u>Requested Deposition Procedures</u>

If the Court grants the requested Rule 15 deposition, the government respectfully requests that Mr. ▇▇▇▇ be deposed before trial at a time and a location near his home in ▇▇▇▇ ▇▇▇▇ that is mutually agreeable to the government, Mr. ▇▇▇▇, defense counsel, and representatives from the defendants. The government further requests that such deposition be taken in-person, with video conference capabilities accessible in the United States, so defendants and counsel can participate remotely, if preferred. The parties have agreed to conduct the deposition in ▇▇▇▇ on March 20, 2026.

Additionally, the government respectfully requests that the Court preside over the deposition by video conference and rule on any objections in real time as they arise during the deposition, so as to avoid any undue delays and unnecessary post-deposition briefing. The Court

has discretion to determine the procedure for taking a Rule 15 deposition. *See United States v. Hayutin*, 398 F.2d 944, 954 (2d Cir. 1968) ("The taking of a deposition, especially on the eve of trial, and the setting of conditions for it, was clearly within Judge Cannella's discretion."); *see also United States v. Muhanad Mahmoud Al-Farekh*, 956 F.3d 99, 105 (2d Cir. 2020) (noting that "[t]he able district judge presided over the Rule 15 deposition"); *United States v. Russell*, No. 12-CR-160 (JAW), 2013 WL 4517773, at *1 (D. Me. Aug. 26, 2013) (same). *But see United States v. Marcos*, No. 87-CR-598 (JFK), 1990 WL 58825, at *6 (S.D.N.Y. May 1, 1990) ("Rule 15 contains no provision for the district court judge to preside at depositions ordered under the rule and the Court declines to create such authority.")

The defendants have provided their position as follows:

> Defendants consent to the Rule 15 depositions of Mr. ▮▮▮▮ in ▮▮▮▮ and Messrs. ▮▮▮▮ and ▮▮▮▮ in ▮▮▮▮,[2] but object to the government's request that the Court preside over the depositions and rule on any objections in real time. At this stage, it would be both premature and impractical for the Court to preside over the depositions. The government has not outlined its theory of the case and even continues to produce discovery and Jencks statements. And more than 20 motions *in limine* remain pending, some of which may affect the Court's ability to resolve objections in real time. It would be difficult to assess the relevance and admissibility of testimony on this record nearly three months before trial. Objections to the testimony should be preserved, and any related admissibility rulings should be reserved and resolved under the Federal Rules of Evidence, as Rule 15 contemplates. *See* Fed. R. Crim. P. 15(e), (f) (adopting procedural rules that govern in civil cases and contemplating that deposition admissibility will be determined under evidentiary rules). Furthermore, it would be logistically impractical for the Court to preside over remote depositions. The Court would have to determine how to review documentary exhibits, conduct side bars with counsel outside the presence of the witnesses, and navigate the time difference associated with depositions in ▮▮▮▮ and ▮▮▮▮. The defendants respectfully submit that it would be more efficient for the depositions to proceed in the manner contemplated by Rule 15, with all objections preserved. During trial, when the scope of the case is better defined, the parties can confer on issues of admissibility, and the Court can resolve any remaining disputes.

---

[2] The government is filing contemporaneously a separate motion to take a Rule 15 deposition of ▮▮▮▮ and intends to move separately to take a Rule 15 deposition of ▮▮▮▮.

4

IV.     Request for Sealing

The government respectfully requests leave to file this brief under seal, with a redacted version filed on the public docket. The government is sensitive to the need to minimize the amount of information in a criminal case that is filed under seal. *See, e.g.*, *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored") (internal quotations omitted). However, sealing is warranted in order to protect the privacy interests of third parties, including with respect to sensitive medical information. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995). Under the circumstances, the interest in safeguarding the privacy of these individuals outweighs the public's qualified right to access such information. The government respectfully submits that the facts set forth herein provide a sufficient basis for the "specific, on the record findings" necessary to support sealing. *Lugosch*, 435 F.3d at 120 (internal quotations omitted).

V.      Conclusion

For the foregoing reasons, the government respectfully requests that the Court order that the government be permitted to take Mr. ▮▮▮▮▮▮▮▮'s deposition pursuant to Rule 15, pursuant to the procedures set forth above.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By:    /s/ _____
       Alexander A. Solomon
       Meredith A. Arfa
       Robert Pollack
       Matthew Skurnik
       Matthew F. Sullivan
       Assistant United States Attorneys
       (718) 254-7000

        MARGARET A. MOESER
Chief, Money Laundering, Narcotics and
Forfeiture Section,
Criminal Division,
U.S. Department of Justice

Taylor G. Stout
Morgan Cohen
Jasmin Salehi Fashami
Trial Attorneys

CHRISTIAN NAUVEL
Acting Chief, Counterintelligence and
Export Control Section,
National Security Division,
U.S. Department of Justice

Christopher Fenton
Trial Attorney

cc:    Clerk of Court (AMD) (by Email)
       Defense Counsel of Record (by Email)