

**U.S. Department of Justice**

_United States Attorney_
_Eastern District of New York_

NJM:AAS/MAA/TGS/MJC
F. #2017R05903

_271 Cadman Plaza East_
_Brooklyn, New York 11201_

March 10, 2026

**FILED UNDER SEAL**

By ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    United States v. Huawei Technologies Co., Ltd., et al.,
>        Criminal Docket No. 18-CR-457 (S-3) (AMD)

Dear Judge Donnelly:

The government respectfully requests that the Court permit the government to take and offer the testimony of ██████, by deposition pursuant to Rule 15 of the Federal Rules of Criminal Procedure in advance of trial, which is scheduled to begin on June 15, 2026. ██████ is a citizen and resident of the United Kingdom and, ██████████████ has refused to travel to the United States to testify at trial. The defendants consent to the taking of this deposition under Rule 15, _see_ Fed. R. Crim. P. 15(h) ("The parties may by agreement take and use a deposition with the court's consent."), but object in part to the government's proposed deposition procedure.

I.    Background

    A.    ████████ Anticipated Testimony[1]

██████ previously served as the ██████████████████████ ████████████████ the victim financial institution identified as "Financial Institution 1" in the Third Superseding Indictment. The government anticipates that ██████ will testify, among other things, regarding ██████ banking relationship with Huawei Tech. Co., Ltd., and its affiliates

---

[1]    The foregoing description is only a summary of ██████ anticipated testimony.

(collectively, "Huawei"), including Huawei's representations to ▆▆▆▆ concerning Huawei's operations and legal compliance and the significance of those representations.

      B.      ▆▆▆▆▆▆ <u>Circumstances</u>

      ▆▆▆▆▆ is a citizen and resident of the United Kingdom. As such, he is beyond the Court's power to subpoena for testimony at trial. The government repeatedly has engaged with ▆▆▆▆▆ counsel, over a period of months, to secure his travel to the United States to testify in the upcoming trial in this case. Although ▆▆▆▆ would appear voluntarily, he suffers from a medical condition that prevents him from doing so. As described in greater detail in Exhibit A, ▆▆▆▆ requires ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

## II.     <u>Argument</u>

      A.     <u>Applicable Law</u>

      "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a). Whether to order a deposition in lieu of live testimony is a decision that "rests within the sound discretion of the trial court." *United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir. 1984). To establish "exceptional circumstances" under Rule 15, "[a] movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir. 2001) (internal citation omitted).

      In addition, parties may jointly agree to take a deposition, with the court's consent. *See* Fed. R. Crim. P. 15(h). "[W]hen such consent is present, the deposition may be taken without regard to the other strictures of the rule." *In re Associated Press*, 162 F.3d 503, 513 (7th Cir. 1998) (citing a pre-restyling version of Rule 15(h), then codified as Rule 15(g)).

      B.     <u>The Court Should Permit the Deposition of</u> ▆▆▆▆▆

      Even if the motion were not on consent such that Rule 15(a)'s requirements applied, the Court should grant the motion.

      *First*, ▆▆▆▆▆ is unavailable. "Unavailability is to be determined according to the practical standard of whether under the circumstances the government has made a good-faith effort to produce the person to testify at trial." *Johnpoll*, 739 F.2d at 709 (internal citations omitted). The Second Circuit has held that the government's representations regarding unavailability may be sufficient to satisfy Rule 15, at least where the government established its "good faith" efforts to obtain the witness's presence at trial by indicating that it had repeated contact with the witness and had promised "to pay all expenses of the witness[]" in traveling to the United States. *United States v. Sindona*, 636 F.2d 792, 804 (2d Cir. 1980).

Here, because ███████ is a citizen and resident of the United Kingdom, he is beyond this Court's subpoena power. *See United States v. Grossman*, No. 03-CR-1156 (SHS), 2005 WL 486735, at *3 (S.D.N.Y. Mar. 2, 2005) (finding witness unavailable under Rule 15 in part because he was resident of Canada and "thus beyond the subpoena power of the court"). Moreover, the government has engaged with ███████ counsel for months to secure his travel to the United States, at the government's expense, to testify at trial. On January 20, 2026, ███████ counsel communicated to the government his final decision not to travel to the Unites States to testify at trial, despite the government's offer to pay for his travel, on account of his medical condition. Under these circumstances, the Court should find that ███████ is unavailable. *See Sindona*, 636 F.2d at 804 (upholding district court's grant of government motion for Rule 15 depositions where witnesses were not subject to subpoena due to their location abroad, the government had been in contact with the witnesses for months, had promised to pay their travel expenses, and the witnesses had refused to travel to the United States to testify); *United States v. Little*, No. 12-CR-647, 2014 WL 1744824, at *2 (S.D.N.Y. Apr. 23, 2014) (finding witness unavailable because she was U.K. citizen who was "unwilling to come to the United States to testify" and explaining that "[a]s a non-U.S. citizen, she is outside of the Court's subpoena power and thus unavailable"); *United States v. Vilar*, 568 F. Supp. 2d 429, 439 (S.D.N.Y. 2008) (finding witnesses "unavailable based on (1) the fact that, as foreign nationals who reside in the United Kingdom, they are beyond this Court's subpoena power . . . , (2) the government's repeated requests to the witnesses and/or their counsel that the witnesses travel, at the expense of the government, to the United States to testify at trial; and (3) the representations of the witnesses' counsel that they have reached a 'final' decision to decline to testify a trial").

*Second*, ███████ testimony is material to the case. "[T]estimony is material if it is 'highly relevant to a central issue in the case.'" *Grossman*, 2005 WL 486735, at *3 (quoting *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993)). As described above, ███████ testimony is material to the elements of the wire and bank fraud conspiracy and substantive charges in Counts Four, Six, Seven and Nine, as well as to the related racketeering activity under Count One. Among other things, the government anticipates that ███████ testimony will describe the misrepresentations at the core of the alleged scheme to defraud ███ and the bank's response to those misrepresentations, and will also explain the property that was the object of the scheme. Given that ███████ anticipated testimony directly relates to, and arguably proves, multiple elements of the offenses charged, it is "'highly relevant to a central issue in the case'" and is therefore material. *Grossman,* 2005 WL 486735, at *3 (quoting *Drogoul,* 1 F.3d at 1556).

*Third*, because the first two factors of the test are satisfied, the testimony is necessary to prevent a failure of justice. *See United States v. Khan*, No. 06-CR-255 (DLI), 2008 WL 2323375, at *4 (E.D.N.Y. June 2, 2008) (explaining that this requirement is "likely satisfied when the first two factors are met"); *Vilar*, 568 F. Supp. 2d at 442-43 (same).

III.     Requested Deposition Procedures

      If the Court grants the requested Rule 15 deposition, the government respectfully requests that ██████████ be deposed before trial at a time and a location near his home in London that is mutually agreeable to the government, ██████████ defense counsel, and representatives from the defendants.  The government further requests that such deposition be taken in-person, with video conference capabilities accessible in the United States, so defendants and counsel can participate remotely, if preferred.  The parties have agreed to conduct the deposition in London on March 26, 2026.

      Additionally, the government respectfully requests that the Court preside over the deposition by video conference and rule on any objections in real time as they arise during the deposition, so as to avoid any undue delays and unnecessary post-deposition briefing.  The Court has discretion to determine the procedure for taking a Rule 15 deposition.  *See United States v. Hayutin*, 398 F.2d 944, 954 (2d Cir. 1968) ("The taking of a deposition, especially on the eve of trial, and the setting of conditions for it, was clearly within Judge Cannella's discretion."); *see also United States v. Muhanad Mahmoud Al-Farekh*, 956 F.3d 99, 105 (2d Cir. 2020) (noting that "[t]he able district judge presided over the Rule 15 deposition"); *United States v. Russell*, No. 12-CR-160 (JAW), 2013 WL 4517773, at *1 (D. Me. Aug. 26, 2013) (same).  *But see United States v. Marcos*, No. 87-CR-598 (JFK), 1990 WL 58825, at *6 (S.D.N.Y. May 1, 1990) ("Rule 15 contains no provision for the district court judge to preside at depositions ordered under the rule and the Court declines to create such authority.")

      The defendants have provided their position as follows:

> Defendants consent to the Rule 15 depositions of ██████████ in ██████████ and ██████████ and █████ in ██████,[2] but object to the government's request that the Court preside over the depositions and rule on any objections in real time.  At this stage, it would be both premature and impractical for the Court to preside over the depositions. The government has not outlined its theory of the case and even continues to produce discovery and Jencks statements.  And more than 20 motions *in limine* remain pending, some of which may affect the Court's ability to resolve objections in real time.  It would be difficult to assess the relevance and admissibility of testimony on this record nearly three months before trial.  Objections to the testimony should be preserved, and any related admissibility rulings should be reserved and resolved under the Federal Rules of Evidence, as Rule 15 contemplates. *See* Fed. R. Crim. P. 15(e), (f) (adopting procedural rules that govern in civil cases and contemplating that deposition admissibility will be determined under evidentiary rules). Furthermore, it would be logistically impractical for the Court to preside over remote

---

[2]     The government has filed separate motions to take Rule 15 depositions of ██████ ██████ and ██████████.  (ECF Nos. 658, 660.)

depositions. The Court would have to determine how to review documentary exhibits, conduct side bars with counsel outside the presence of the witnesses, and navigate the time difference associated with depositions in ▮▮▮▮▮▮▮ and ▮▮▮▮▮▮ The defendants respectfully submit that it would be more efficient for the depositions to proceed in the manner contemplated by Rule 15, with all objections preserved. During trial, when the scope of the case is better defined, the parties can confer on issues of admissibility, and the Court can resolve any remaining disputes.

IV.    Request for Sealing

The government respectfully requests leave to file this brief under seal, with a redacted version filed on the public docket. The government is sensitive to the need to minimize the amount of information in a criminal case that is filed under seal. *See, e.g., United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored") (internal quotations omitted). However, sealing is warranted in order to protect the privacy interests of third parties. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995). Under the circumstances, the interest in safeguarding the privacy of these individuals outweighs the public's qualified right to access such information. The government respectfully submits that the facts set forth herein provide a sufficient basis for the "specific, on the record findings" necessary to support sealing. *Lugosch*, 435 F.3d at 120 (internal quotations omitted)

V.    Conclusion

For the foregoing reasons, the government respectfully requests that the Court order that the government be permitted to take ▮▮▮▮▮▮▮ deposition pursuant to Rule 15, pursuant to the procedures set forth above.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By:    /s/
      Alexander A. Solomon
      Meredith A. Arfa
      Robert Pollack
      Matthew Skurnik
      Matthew F. Sullivan
      Assistant United States Attorneys
      (718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering, Narcotics and
Forfeiture Section,
Criminal Division,
U.S. Department of Justice

Taylor G. Stout
Morgan J. Cohen
Jasmin Salehi Fashami
Trial Attorneys

CHRISTIAN NAUVEL
Acting Chief, Counterintelligence and
Export Control Section,
National Security Division,
U.S. Department of Justice

Christopher Fenton
Trial Attorney

cc:    Clerk of Court (AMD) (by Email)
       Defense Counsel of Record (by Email)