

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EHS:MAA/MFS                    *271 Cadman Plaza East*
F. #2017R05903                  *Brooklyn, New York 11201*

March 27, 2026

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

           Re:    United States v. Huawei Technologies Co., Ltd., et al.
                Criminal Docket No. 18-457 (S-3) (AMD)

Dear Judge Donnelly:

       The government respectfully submits this letter in connection with the Defendants Huawei Technologies Co., Ltd., Huawei Device Co., Ltd., Huawei Device USA Inc., and FutureWei Technologies, Inc.'s Response to the Government's Motions *in Limine* to Admit Certain Evidence and Preclude Certain Evidence at Trial, which was filed under seal on March 13, 2026 (ECF No. 668) (the "Response"). The parties have conferred regarding what redactions should be applied to the Response so that a public, redacted version may be filed. After conferring about the proposed redactions, the defendants have informed the government that they agree to redact the names of third-party individuals, but not the names and certain other identifying information of third-party corporate entities, which include corporate entities that are victims of the defendants' alleged conduct in this case. The defendants requested that the government note their position in this letter, which is that "we have evaluated [the government's] proposed redactions in good faith, adopted many of them, and do not agree that the remaining redactions are defensible under the applicable legal standard."

       The government's position is that redacting the names and identifying information of third-party corporate entities, including entities with current and/or former employees that may be witnesses at trial, is warranted to protect their privacy interests. *See United States v. Amodeo*, 71 F.3d 1044, 1050-52 (2d Cir. 1995) (recognizing reasons justifying sealing include preserving confidentiality of sources, protecting witnesses, and preventing interference with an investigation). The government for that reason regularly takes measures to ensure that it does not publicly identify third parties. While certain third-party corporate entities named in the Response have been publicly associated with this case, their privacy interests still warrant protection and should not be invaded again by publicly identifying them in the Response.

Accordingly, the government requests that the Court direct the defendants to redact the names and certain other identifying information of third-party corporate entities in their Response.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By:     /s/_____
Alexander A. Solomon
Meredith A. Arfa
Robert Pollack
Matthew Skurnik
Matthew F. Sullivan
Assistant United States Attorneys
(718) 254-7000


MARGARET A. MOESER
Chief, Money Laundering, Narcotics and
Forfeiture Section,
Criminal Division,
U.S. Department of Justice

Taylor G. Stout
Morgan Cohen
Jasmin Salehi Fashami
Trial Attorneys


CHRISTIAN NAUVEL
Acting Chief, Counterintelligence and
Export Control Section,
National Security Division,
U.S. Department of Justice

Christopher Fenton
Trial Attorney