

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| NJM:AAS | *271 Cadman Plaza East* |
| F. #2017R05903 | *Brooklyn, New York 11201* |

April 3, 2026

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:    United States v. Huawei Technologies Co., Ltd., et al.
> Criminal Docket No. 18-457 (S-3) (AMD)

Dear Judge Donnelly:

The government respectfully seeks leave from the Court to file additional pretrial *in limine* motions.  The motions would cover principally the following topics:

1. The admissibility of statements attributed to Huawei within bank compliance questionnaires, as well as certain statements reported by bank employees in internal emails as representations by Huawei;
2. The admissibility of written communications between an Iranian telecommunications company and Huawei regarding Huawei's implementation of wiretap technology in Iranian core infrastructure;
3. The propriety of testimony relating an unrecorded oral conversation regarding installation of a cabinet of servers by Iranian intelligence authorities in a data server room constructed by Huawei for the Iranian government;
4. The admissibility of a current Huawei employee's prior testimony, as a Huawei employee, in a civil trial against the defendants at the forthcoming trial;
5. The admissibility of evidence and propriety of argument regarding any investigation by the Office of Foreign Asset Control of Huawei's alleged sanctions violations;
6. The admissibility of evidence concerning the government's efforts to procure the testimony of overseas witnesses; and
7. The proposed pseudonymous testimony of several government witnesses with security or safety concerns.

When asked whether it would consent to the request for pretrial briefing of the above-listed items, the defense authorized the government to represent to the Court as follows:

1

"We believe the government has filed an excessive amount of pretrial motions *in limine* already that should not be resolved on an incomplete record, particularly when the government continues to produce discovery and *Jencks* statements, and has not outlined the nature of its case in opening statements. The government's additional proposed motions *in limine* appear similarly premature and would not materially streamline the proceedings; rather, they will generate unnecessary briefing and pretrial litigation. These issues can be efficiently resolved through contemporaneous objections during trial, avoiding needless motion practice while preserving an orderly presentation of evidence."

In response, the government notes that many of the issues outlined above implicate complex issues of fact and law that would needlessly sidetrack proceedings should their resolution be postponed until trial. For example, the first item listed above repeatedly arose during the defense's cross-examinations in the Rule 15 depositions this past week in London, United Kingdom, and implicates verbal acts, authentication, and multiple levels of hearsay, among other issues. The government believes that appropriate resolution of this first item would necessitate extensive redaction of numerous internal bank documents—a complex task best completed in advance of trial. The second through fourth items similarly involve questions relating to hearsay, adoptive admissions, verbal acts, and confrontation rights that would be best resolved after written briefing. Moreover, the outcomes of the fifth through seventh items would have a direct impact on the composition of witnesses during the government's case-in-chief. For example, numerous witnesses have expressed unwillingness to testify unless their security concerns are sufficiently addressed by adequate protective measures, and, therefore, resolution of which measures—if any—may be implemented cannot wait until trial.

Should the Court grant the government's motion, the government would be prepared to file the additional motions on April 24, 2026.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By:    /s/
Alexander A. Solomon
Meredith A. Arfa
Robert Pollack
Matthew Skurnik
Assistant United States Attorneys
(718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering, Narcotics and
Forfeiture Section,
Criminal Division,
U.S. Department of Justice

2

Taylor Stout
Morgan Cohen
Jasmin Salehi Fashami
Trial Attorneys


CHRISTIAN J. NAUVEL
Acting Chief, Counterintelligence and
Export Control Section,
National Security Division,
U.S. Department of Justice

Christopher Fenton
Trial Attorney


cc:  Clerk of the Court (by ECF and Email)
     Defense counsel of record (by ECF)